**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **TESHIA P. DAVIS** | *   **Civil Action No.:1:10-cv-02785-JFM** |
| **and** | * |
| **LAVETTE S. JACKSON** | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**COUNTER CLAIM AGAINST METROPOLITAN LIFE INSURANCE**</u>
<u>**COMPANY**</u>

Defendant LaVette S. Jackson, Individually and as Personal Representative of the

Estate of Erroll K. Jackson, Sr., alleges the following complaint against Metropolitan Life

Insurance Company:

1.      Metropolitan Life Insurance Company (hereinafter "MetLife") is a

registered insurance company authorized to do business in the State of Maryland,

organized under the laws of the State of New York with its principal offices located in the

State of New York.

2.      Defendant/Counter Plaintiff LaVette S. Jackson, (hereinafter "Jackson" or

"Plaintiff"), is the Personal Representative of the Estate of Erroll K. Jackson, Sr., said

Estate being opened by the Register of Wills for Baltimore City, Maryland on August 25,

2009 as Estate No. 88043. Plaintiff Jackson is a resident of Baltimore City, in the State

of Maryland.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this interpleader action

pursuant to 28 U.S.C. §1335, because (a) MetLife had in its possession money of the

value of $500.00 or more; (b) two or more adverse claimants of diverse citizenship, as

defined in 28 U.S.C. § 1332(a), may be entitled to such money; and (c) MetLife has

deposited such money in the registry of this Court.

4.      This Court also has subject matter jurisdiction over this interpleader action

pursuant to 28 U.S.C. § 1332 in that the value of the Policy exceeds Seventy-Five

Thousand Dollars ($75,000.00),exclusive of interest  or costs, and diversity of citizenship

exists between the parties.

5.      Venue is proper in the District for Maryland pursuant to 28 U.S.C. § 1397

because one of the adverse claimants resides in the judicial district.

## GENERAL ALLEGATIONS

6.      MetLife issued insurance policy number 963 405 298 UM (hereinafter

"the Policy) to the Decedent, Erroll K. Jackson, Sr., (hereinafter "Decedent"), on October

25, 1996 for One Hundred Ninety Six Thousand Five Hundred Dollars and named his

then wife, Defendant Teshia P. Davis as the beneficiary.

7.      Decedent and Defendant Davis divorced in 2005 in a proceeding in the

State of Georgia.

8.      In 2008, MetLife notified the Decedent that the policy would lapse if he

did not pay a certain premium amount by a certain date.  As a result, Decedent contacted

MetLife Agent John Karter of Atlanta, Georgia, to prevent the lapse of the Policy and to

increase his coverage.  The Decedent effectively reinstated the policy.

9.      MetLife Agent Karter assisted Decedent in preparing documents increasing the Policy amount from a face value of $200,000.00 to $250,000.00 and changing Decedent's beneficiary to LaVette S. Jackson, Individually, his then wife, and currently his widow.  Upon information and belief, Plaintiff states that the documents increasing the policy limits and changing the beneficiary were prepared by the Decedent, delivered to MetLife's agent, Karter, but never submitted by MetLife Agent Karter for processing or, in the alternative, were not properly processed by MetLife resulting in the change in beneficiary not being properly recorded by MetLife.

10.     On behalf of the Estate, in the absence of any designation of beneficiary in her possession, Plaintiff submitted a claim in the Policy to Defendant MetLife on September 21, 2009.

11.     Defendant Davis has also submitted a competing claim on the Policy.

12.     MetLife has indicated that it is unable to determine the beneficiary of the Policy and has deposited the proceeds in this Court's registry.

13.     Plaintiff, upon information and belief, as stated above, believes that the Estate, or, in the alternative, LaVette S. Jackson, Individually, is the proper beneficiary of the death benefit payable under the Policy.  Plaintiff further states that on information and belief that a beneficiary designation was properly prepared by the Decedent and submitted to Agent Karter, which named LaVette S. Jackson, wife of the Decedent, as the beneficiary of the Policy.  In the alternative, Plaintiff further states that, pursuant to a Separation Agreement signed by the Decedent and Defendant Davis, Defendant Davis relinquished her rights to any of the proceeds when she and Decedent divorced.

14.     The Estate of Erroll K. Jackson, Sr., by and through the Personal

Representative, LaVette S. Jackson, or, in the alternative, LaVette S. Jackson,

Individually, is the rightful and lawful beneficiary of the life insurance proceeds at issue

in this action.

## BREACH OF CONTRACT

### LaVette S. Jackson, Individually and as Personal Representative v. MetLife

15.     The Counter Defendant MetLife owed a contractual obligation to the

Decedent, Erroll K. Jackson, Sr., and by way of his death, to his estate, to properly record

the change of beneficiary for the aforementioned insurance policy or, in the alternative, to

remove the name of Co-Defendant Teshia P. Davis as beneficiary when directed to do so

by their insured.

16.     The Counter Defendant MetLife materially breached its obligation to

properly record the change in the designation of the beneficiary for the aforementioned

insurance policy or, in the alternative, to remove the name of the Co-Defendant Teshia P.

Davis as beneficiary as directed by the Decedent.

17.     The Counter Defendant's material breach of the Contract has caused the

Estate of Erroll K. Jackson, Sr., acting herein through Defendant/Counter Plaintiff,

LaVette S. Jackson, Personal Representative of the Estate of Errol K. Jackson, Sr. to

incur attorney's fees, costs, and a loss of $196,610.00 plus additional loss of interest on

the insurance proceeds.

18.     In the alternative, as the intended third party beneficiary of the insurance

contract, LaVette S. Jackson, Individually, was owed a contractual obligation by the

Counter Defendant, MetLife, to properly record the change of the designation of the beneficiary of the aforementioned insurance policy as directed by the Decedent.

19. The Counter Defendant MetLife materially breached its obligation to the Counter Plaintiff, LaVette S. Jackson, Individually, as the intended third party beneficiary, to properly record the change of the designation of the beneficiary of the aforementioned insurance policy to the Counter Plaintiff, LaVette S. Jackson, Individually, as directed by the Decedent.

20. The Counter Defendant's material breach of the Contract has caused Counter Plaintiff LaVette S. Jackson, Individually, to incur attorney's fees, costs and a loss of $196,610.00 plus a loss of additional interest on the insurance proceeds.

## NEGLIGENCE

### LaVette S. Jackson, Individually and as Personal Representative v. MetLife

21. The Counter Defendant MetLife owed a duty to the Counter Plaintiff, the Estate of Erroll K. Jackson, Sr. acting through the Personal Representative of said Estate, LaVette S. Jackson, to properly record the change of beneficiary of his insurance Policy or, in the alternative, to remove the name of Teshia P. Davis as beneficiary when directed to do so through its agent, apparent agent, servant and/or employee, Karter.

22. The Counter Defendant MetLife negligently breached its duty to the Counter Plaintiff by failing to properly record the change of beneficiary on the Decedent's insurance Policy to his widow, LaVette S. Jackson or, in the alternative, by removing the name of the Co-Defendant, Teshia P. Davis as beneficiary to said policy.

23. The Counter Defendant's negligent failure to properly record the change in beneficiary on the Decedent's insurance policy has caused the Counter Plaintiff,

LaVette S. Jackson as Personal Representative of the Estate of Erroll K. Jackson, Sr., to incur attorney's fees, costs and the loss of the value of the Policy, $196,610.00 plus interest on said Policy.

24.     In the alternative, the Counter Defendant MetLife owed a duty to the Counter Plaintiff, LaVette S. Jackson, Individually, to properly record the change of beneficiary of his insurance Policy when directed to do so through its agent, apparent agent, servant and/or employee, Karter.

25.     The Counter Defendant MetLife negligently breached its duty to the Counter Plaintiff, LaVette S. Jackson, Individually, by failing to properly record the change of beneficiary on the Decedent's insurance policy to his widow, LaVette S. Jackson.

26.     The Counter Defendant's negligent failure to properly record the change in beneficiary on the Decedent's insurance Policy has caused the Counter Plaintiff, LaVette Jackson, Individually, to incur attorney's fees, costs and the loss of the value of the Policy, $196,610.00 plus interest on said Policy.

## RESPONDEAT SUPERIOR

27.     At all time relevant hereto, John Karter was the employee, servant, agent and/or apparent agent of the Counter Defendant, MetLife and was acting within the scope of his employment, servitude, agency and/or apparent agency and in furtherance of Counter Defendant MetLife's interests.

28.     As John Karter's employer, master, principal or apparent principal, Counter Defendant MetLife, is responsible to the Counter Plaintiff LaVette S. Jackson,

Individually, and as Personal Representative of the Estate of Errol K. Jackson, Sr. for all of the acts committed by John Karter within the scope of his employment.

29.    That the negligence of John Karter in failing to properly process the change in beneficiary of the Decedent's aforementioned insurance Policy or, in the alternative, to properly remove the name of the Co-Defendant, Teshia P. Davis, has caused the Counter Plaintiff, LaVette S. Jackson, as Personal Representative of the Estate of Errol K. Jackson, Sr. to incur attorney's fees, costs, loss of the $196,610.00 in insurance proceeds and interest on said proceeds.

30.    In the alternative, the negligence of John Karter in failing to properly process the change in beneficiary of the Decedent's aforementioned insurance Policy has caused the Counter Plaintiff, LaVette S. Jackson, Individually, to incur attorney's fees, costs, loss of the $196,610.00 in insurance proceeds and interest on said proceeds.

**WHEREFORE,** Plaintiff LaVette S. Jackson, Individually, and as Personal Representative of the Estate of Erroll K. Jackson, Sr., prays as follows:

A.    For trial by jury;

B.    That Counter Plaintiff's Complaint in Interpleader be allowed, save and except for the award of attorney's fees and costs;

C.    That Counter Plaintiff, LaVette S. Jackson, as Personal Representative of the Estate of Erroll K. Jackson, Sr. be awarded damages of $196,610.00 plus attorney's fees, costs and interest against Counter Defendant MetLife.

D.      That Plaintiff, LaVette S. Jackson, Individually, be awarded

damages of $196,610.00 plus attorney's fees, costs and interest

against Counter Defendant MetLife.


                                        _____/S/_____
                                        Lorraine Lawrence-Whittaker, P.C.
                                        Federal Bar No: 26913
                                        lvlw@comcast.net
                                        **METRO LEGAL GROUP**
                                        9192 Red Branch Road, Suite 300
                                        Columbia, Maryland 21045
                                        (410)740-4529
                                        Fax: (410)997-4272
                                        Attorneys for LaVette S. Jackson,
                                        *Individually, and as Personal*
                                        *Representative of the*
                                        *Estate of Erroll K. Jackson, Sr.*

Dated: January 21, 2011