IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | |
| **TESHIA P. DAVIS** | * | Civil Action No.:1:10-cv-02785-JFM |
| and | * | |
| **LAVETTE S. JACKSON** | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AMENDED COUNTER CLAIM AGAINST METROPOLITAN LIFE INSURANCE COMPANY

Defendant LaVette S. Jackson, Individually and as Personal Representative of the Estate of Erroll K. Jackson, Sr., alleges the following amended counter complaint against Metropolitan Life Insurance Company:

1. Metropolitan Life Insurance Company (hereinafter "MetLife") is a registered insurance company authorized to do business in the State of Maryland, organized under the laws of the State of New York with its principal offices located in the State of New York.

2. Defendant/Counter Plaintiff LaVette S. Jackson, (hereinafter "Jackson" or "Plaintiff"), is the Personal Representative of the Estate of Erroll K. Jackson, Sr., said Estate being opened by the Register of Wills for Baltimore City, Maryland on August 25, 2009 as Estate No. 88043. Plaintiff Jackson is a resident of Baltimore City, in the State of Maryland.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. §1335, because (a) MetLife had in its possession money of the value of $500.00 or more; (b) two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332(a), may be entitled to such money; and (c) MetLife has deposited such money in the registry of this Court.

4. This Court also has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 in that the value of the Policy exceeds Seventy-Five Thousand Dollars ($75,000.00),exclusive of interest or costs, and diversity of citizenship exists between the parties.

5. Venue is proper in the District for Maryland pursuant to 28 U.S.C. § 1397 because one of the adverse claimants resides in the judicial district.

## GENERAL ALLEGATIONS

6. MetLife issued insurance policy number 963 405 298 UM (hereinafter "the Policy) to the Decedent, Erroll K. Jackson, Sr., (hereinafter "Decedent"), on October 25, 1996 for One Hundred Ninety Six Thousand Five Hundred Dollars and named his then wife, Defendant Teshia P. Davis as the beneficiary.

7. Decedent and Defendant Davis divorced in 2005 in a proceeding in the State of Georgia.

8. The Decedent and Counter Plaintiff LaVette S. Jackson married on November, 26, 2005.

9. Upon information and belief, in late 2005 or early 2006 the Decedent contacted Agent John Karter to change the beneficiary on his life insurance policy to his

new wife, Ms. Jackson.  In response, Agent Karter contacted the Decedent to obtain the Social Security Number of Ms. Jackson.  Mr. Karter spoke with the Decedent's sister, LaRae Jackson, with whom the Decedent was living at the time in St. Louis, Missouri.  LaRae Jackson took a written message from Mr. Karter regarding his need of Ms. Jackson's Social Security number in order to process the change of beneficiary. The Decedent wrote Ms. Jackson's Social Security Number on the same message slip and left it for his sister to give to Mr. Karter upon his return call.  These events were witnessed and are corroborated by LaRae Jackson and by the Counter-Plaintiff who saw the physical message slip at her sister-in-law's home and spoke with her sister-in-law about the events.

10. On April 21, 2008, the Decedent called the Counter-Defendant directly to request forms to change the beneficiary on his life insurance policy to 13 individuals.  See Exhibit A.

11. On April 22, 2008, Counter-Defendant MetLife acknowledged the request for the form to change of beneficiary via letter to the Decedent.  See Exhibit B.

12. In 2008, MetLife notified the Decedent that the policy would lapse if he did not pay a certain premium amount by a certain date.  As a result, Decedent contacted MetLife Agent John Karter of Atlanta, Georgia, to prevent the lapse of the Policy and to increase his coverage.  The Decedent effectively reinstated the policy.

13. Agent Karter completed the Application for Reinstatement of the Decedent's policy.  All of the handwriting on the application other than the Decedent's signature was written by Agent Karter.  On page three of said application, in the only section regarding beneficiaries and/or beneficiary designation, the instructions stated as

follows: "If this application is being used to **reinstate a policy; or to make a change to an existing policy**, this section need NOT be completed." *Emphasis in original*. See Exhibit C. This section was skipped by Agent Karter; no information was provided in this section whatsoever.

14. On Page four of the reinstatement application , question 16 asks the "[P]urpose of this insurance?" The answer provided on the application was Mortgage Protection and Final Expenses. *See Exhibit C.* During their marriage, the Counter-Plaintiff increased the mortgage on the family home twice, once by $40,000.00 and once by $50,000.00 through lines of credit obtained with the use of the Decedent's income for use by the Decedent and the Counter-Plaintiff. Counter-Plaintiff, as Personal Representative of Decedent's Estate, is responsible for the payment of Decedent's final expenses. Upon information and belief, the Decedent had no mortgage obligations in relation to ex-wife, Co-Defendant Teshia Davis. Further, upon information and belief, C-Defendant Davis had never claimed to have any responsibility for the final expenses of the Decedent.

15. On Page 12 of the Application for Reinstatement, under Agent/Producer Identification & Certification, question 11 asks the Agent the purpose of the insurance. Mr. Karter checked the box for Mortgage Protection. There was not an option for Final Expenses on this section. See Exhibit C.

16. MetLife Agent Karter further assisted Decedent in preparing documents for a Policy with a face value of $250,000.00 to replace the current policy and changing Decedent's beneficiary to LaVette S. Jackson, Individually, his then wife, and currently his widow. Agent John Karter presented a Life Insurance Policy proposal to the

Decedent for issuance in the State of Maryland, prepared on March 2, 2009.  See Exhibit D.  Upon information and belief, Plaintiff states that the documents increasing the policy limits and designating LaVette Jackson as his beneficiary were prepared by the Decedent, delivered to MetLife's agent, Karter, but never submitted by MetLife Agent Karter for processing or, in the alternative, were not properly processed by MetLife resulting in the change in beneficiary not being properly recorded by MetLife.  Upon information and belief, Agent Karter advised the Decedent against the increased policy to avoid a new underwriting process for the policy, however the Decedent did not direct Agent Karter not to submit the change in beneficiary paperwork.  Upon information and belief, Agent Karter, once again, failed to process the requested beneficiary change.

17. On behalf of the Estate, in the absence of any designation of beneficiary in her possession, Plaintiff submitted a claim in the Policy to Defendant MetLife on September 21, 2009.

18. Defendant Davis has also submitted a competing claim on the Policy.

19. MetLife has indicated that it is unable to determine the beneficiary of the Policy and has deposited the proceeds in this Court's registry.

20. Plaintiff, upon information and belief, as stated above, believes that the Estate, or, in the alternative, LaVette S. Jackson, Individually, is the proper beneficiary of the death benefit payable under the Policy.  Plaintiff further states that on information and belief that a beneficiary designation was properly prepared by the Decedent and submitted to Agent Karter, which named LaVette S. Jackson, wife of the Decedent, as the beneficiary of the Policy.  In the alternative, Plaintiff further states that, pursuant to a

Separation Agreement signed by the Decedent and Defendant Davis, Defendant Davis relinquished her rights to any of the proceeds when she and Decedent divorced.

21. The Estate of Erroll K. Jackson, Sr., by and through the Personal Representative, LaVette S. Jackson, or, in the alternative, LaVette S. Jackson, Individually, is the rightful and lawful beneficiary of the life insurance proceeds at issue in this action.

## BREACH OF CONTRACT

### LaVette S. Jackson, Individually and as Personal Representative v. MetLife

22. The Counter Defendant MetLife owed a contractual obligation to the Decedent, Erroll K. Jackson, Sr., and by way of his death, to his estate, to properly record the change of beneficiary for the aforementioned insurance policy or, in the alternative, to remove the name of Co-Defendant Teshia P. Davis as beneficiary when directed to do so by their insured.

23. The Counter Defendant MetLife materially breached its obligation to properly record the change in the designation of the beneficiary for the aforementioned insurance policy or, in the alternative, to remove the name of the Co-Defendant Teshia P. Davis as beneficiary as directed by the Decedent.

24. The Counter Defendant's material breach of the Contract has caused the Estate of Erroll K. Jackson, Sr., acting herein through Defendant/Counter Plaintiff, LaVette S. Jackson, Personal Representative of the Estate of Errol K. Jackson, Sr. to incur attorney's fees, costs, and a loss of $196,610.00 plus additional loss of interest on the insurance proceeds.

25.     In the alternative, as the intended third party beneficiary of the insurance contract, LaVette S. Jackson, Individually, was owed a contractual obligation by the Counter Defendant, MetLife, to properly record the change of the designation of the beneficiary of the aforementioned insurance policy as directed by the Decedent.

26.     The Counter Defendant MetLife materially breached its obligation to the Counter Plaintiff, LaVette S. Jackson, Individually, as the intended third party beneficiary, to properly record the change of the designation of the beneficiary of the aforementioned insurance policy to the Counter Plaintiff, LaVette S. Jackson, Individually, as directed by the Decedent.

27.     The Counter Defendant's material breach of the Contract has caused Counter Plaintiff LaVette S. Jackson, Individually, to incur attorney's fees, costs and a loss of $196,610.00 plus a loss of additional interest on the insurance proceeds.

## NEGLIGENCE

**LaVette S. Jackson, Individually and as Personal Representative v. MetLife**

28.     The Counter Defendant MetLife owed a duty to the Counter Plaintiff, the Estate of Erroll K. Jackson, Sr. acting through the Personal Representative of said Estate, LaVette S. Jackson, to properly record the change of beneficiary of his insurance Policy or, in the alternative, to remove the name of Teshia P. Davis as beneficiary when directed to do so through its agent, apparent agent, servant and/or employee, Karter.

29.     The Counter Defendant MetLife negligently breached its duty to the Counter Plaintiff by failing to properly record the change of beneficiary on the Decedent's insurance Policy to his widow, LaVette S. Jackson, by their agent John Karter's negligently ignoring the various attempts by the Decedent to change the

beneficiary on his policy, by their agent John Karter negligently failing to act on the express direction of the Decedent to change the beneficiary to LaVette S. Jackson or, in the alternative, by failing to remove the name of the Co-Defendant, Teshia P. Davis as beneficiary to said policy.

30. The Counter Defendant's negligent failure to properly record the change in beneficiary on the Decedent's insurance policy has caused the Counter Plaintiff, LaVette S. Jackson as Personal Representative of the Estate of Erroll K. Jackson, Sr., to incur attorney's fees, costs and the loss of the value of the Policy, $196,610.00 plus interest on said Policy.

31. In the alternative, the Counter Defendant MetLife owed a duty to the Counter Plaintiff, LaVette S. Jackson, Individually, to properly record the change of beneficiary of his insurance Policy when directed to do so through its agent, apparent agent, servant and/or employee, Karter.

32. The Counter Defendant MetLife negligently breached its duty to the Counter Plaintiff, LaVette S. Jackson, Individually, by failing to properly record the change of beneficiary on the Decedent's insurance policy to his widow, LaVette S. Jackson, by their agent John Karter's negligently ignoring the various attempts by the Decedent to change the beneficiary on his policy and by their agent John Karter negligently failing to act on the express direction of the Decedent to change the beneficiary to LaVette S. Jackson

33. The Counter Defendant's negligent failure to properly record the change in beneficiary on the Decedent's insurance Policy has caused the Counter Plaintiff,

LaVette Jackson, Individually, to incur attorney's fees, costs and the loss of the value of the Policy, $196,610.00 plus interest on said Policy.

## **RESPONDEAT SUPERIOR**

34. At all time relevant hereto, John Karter was the employee, servant, agent and/or apparent agent of the Counter Defendant, MetLife and was acting within the scope of his employment, servitude, agency and/or apparent agency and in furtherance of Counter Defendant MetLife's interests.

35. As John Karter's employer, master, principal or apparent principal, Counter Defendant MetLife, is responsible to the Counter Plaintiff LaVette S. Jackson, Individually, and as Personal Representative of the Estate of Errol K. Jackson, Sr. for all of the acts committed by John Karter within the scope of his employment.

36. That the negligence of John Karter in failing to properly process the change in beneficiary of the Decedent's aforementioned insurance Policy or, in the alternative, to properly remove the name of the Co-Defendant, Teshia P. Davis, has caused the Counter Plaintiff, LaVette S. Jackson, as Personal Representative of the Estate of Errol K. Jackson, Sr. to incur attorney's fees, costs, loss of the $196,610.00 in insurance proceeds and interest on said proceeds.

37. In the alternative, the negligence of John Karter in failing to properly process the change in beneficiary of the Decedent's aforementioned insurance Policy has caused the Counter Plaintiff, LaVette S. Jackson, Individually, to incur attorney's fees, costs, loss of the $196,610.00 in insurance proceeds and interest on said proceeds.

**WHEREFORE,** Plaintiff LaVette S. Jackson, Individually, and as Personal Representative of the Estate of Erroll K. Jackson, Sr., prays as follows:

A. For trial by jury;

B. That Counter Plaintiff's Complaint in Interpleader be allowed, save and except for the award of attorney's fees and costs;

C. That Counter Plaintiff, LaVette S. Jackson, as Personal Representative of the Estate of Erroll K. Jackson, Sr. be awarded damages of $196,610.00 plus attorney's fees, costs and interest against Counter Defendant MetLife.

D. That Plaintiff, LaVette S. Jackson, Individually, be awarded damages of $196,610.00 plus attorney's fees, costs and interest against Counter Defendant MetLife.

_____/S/_____
Lorraine Lawrence-Whittaker, P.C.
Federal Bar No: 26913
lvlw@comcast.net
**METRO LEGAL GROUP**
9192 Red Branch Road, Suite 300
Columbia, Maryland 21045
(410)740-4529
Fax: (410)997-4272
Attorneys for LaVette S. Jackson,
*Individually, and as Personal*
*Representative of the*
*Estate of Erroll K. Jackson, Sr.*

Dated: February 17, 2011